NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO TECUM HERNANDEZ, | No.    17-70732 |
| Petitioner, | Agency No. A205-720-437 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Alejandro Tecum Hernandez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ's") decision denying his applications for

withholding of removal, protection under the Convention Against Torture

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Tecum Hernandez failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (no remand required, despite error under *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), where agency found "no nexus" at all). To the extent Tecum Hernandez contends the IJ ignored a proposed particular social group, we lack jurisdiction to consider the contention. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). Thus, Tecum Hernandez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Tecum Hernandez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject

as unsupported by the record Tecum Hernandez's contention that the BIA failed to consider evidence relevant to his CAT claim.

We lack jurisdiction to review the BIA's discretionary decision to deny Tecum Hernandez's application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**